IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DANIEL MIKE CHAVEZ,

        Plaintiff,        1:12-cv-659-CL

        v.        REPORT AND RECOMMENDATION

STATE OF OREGON, et al.,

        Defendants.

CLARKE, District Judge.

    Plaintiff's Exparte Motion to waive filing fees and costs and appoint counsel (#1) is allowed to the extent that plaintiff is hereby allowed in forma pauperis status. Plaintiff's request for appointment of counsel is denied on the ground that he has not alleged any exceptional circumstances that would require a request for volunteer counsel under 28 U.S.C. § 1915(d).

    Plaintiff's complaint seeks money damages "in the amount of $72,000,00, which is the actual cash loss in contracted attorneys

1 - ORDER

fees, and $5000 in travel expenses, that were directly caused by the Errors of the Thirteenth Judicial Court of Oregon, as well as relief from conviction as the Reversal decrees." Complaint (#3) p. 5. The named defendant is "State of Oregon, 13th Judicial District Court of Klamath County."

To the extent plaintiff's request for relief seeking "relief from conviction as the Reversal decrees," can be construed as a challenge to the fact of his conviction or duration of any confinement or seeking speedier release, the claim is properly construed as a request for habeas corpus relief. Preiser v. Rodriquez, 411 U.S. 475, 488-490 (1973). If plaintiff is seeking habeas corpus relief, he should file a separate proceeding on the appropriate form. I construe plaintiff's claim as one for damages for having to incur attorney fees in connection with the appeals of his convictions.[1]

Pursuant to Fed. R. Civ. P. 8(a), a complaint shall include "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks." "Each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e).

---

[1] The exhibits attached to plaintiff's complaint indicate that he prevailed on his direct appeal and that his convictions were reversed and remanded. See, Complaint (#1), Exhibit A.

2 - ORDER

Rule 8 does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286, (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. Nor does a complaint suffice if it tenders "naked assertion[s] devoid of "further factual enhancement." Id. at 557.  In addition, a plaintiff must allege sufficient facts to "raise a right to relief above the speculative level." Id. at 555. That is, plaintiffs must show that their claims are not merely conceivable, but plausible. Id. at 570; see also Ashcroft v. Iqbal, 556 U.S. 662 (2009). The plausibility inquiry is "a content specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. At 1950.

A district court has the power to dismiss a complaint when a plaintiff fails to comply with Federal Rules of Civil Procedure 8(a) and 8(e).  McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274

(9th Cir. 1993) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)); <u>Tanner v. Heise</u>, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. <u>Tanner</u>, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1055 (9th Cir. 1992); <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. <u>McGuckin</u>, 974 F.2d at 1055; <u>Karim-Panahi</u>, 839 F.2d at 623-24; <u>Eldridge v. Block</u>, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. <u>Karim-Panahi</u>, 839 F.2d at 623; <u>Noll v. Carlson</u>, 809 F.2d 1446, 1447 (9th Cir. 1987).

In this case, plaintiff's claim is against the State of Oregon and its court. The Supreme Court has repeatedly stated that a state or its officials or agencies may not be sued by private individuals in federal court unless the state has unequivocally consented to that action, or Congress has unequivocally expressed

4 - ORDER

its intent under the Fourteenth Amendment to waive the immunity of the States. Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356 (2001); see also, Quern v. Jordan, 440 U.S. 332 (1979); Edleman v. Jordan, 415 U.S. 651, 673 (1984); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984). The Eleventh Amendment otherwise bars any such action regardless of the nature of the relief sought. Cory v. White, 457 U.S. 85 (1982); Brooks v. Sulpher Springs Valley Elec. Co-Op, 951 F.2d 1050, 1053 (9th Cir. 1991) ["The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature."] In addition, a state's waiver of sovereign immunity in its own court's does not waive its Eleventh Amendment immunity in federal court. Edleman v. Jordan, supra. Thus, the enactment of the Oregon Tort Claims Act did not waive the State of Oregon's Eleventh Amendment immunity.

The only defendant in this case is absolutely immune from liability to plaintiff. Accordingly, plaintiff's complaint fails to state a claim.

Based on the foregoing, plaintiff's complaint (#2) should be dismissed. Because it is apparent the the deficiencies of the complaint cannot be cured by amendment the dismissal should be with prejudice to file another civil action based on the same claim. The dismissal of this proceeding should be without prejudice to

5 - ORDER

plaintiff's right to file any appropriate petition for habeas corpus relief.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

*Any appeal from an order adopting this Report and Recommendation and judgment of dismissal would be frivolous and not taken in good faith.*

IT IS SO ORDERED
DATED this 24 day of April, 2012

Mark D. Clarke
United States Magistrate Judge